## CAUGHEY vs. SMITH.

Bounty money, paid by the government, or a county or town, to a minor, for enlisting into the military service of the United States, with the consent of his father, belongs to the son, and not to the father.

When a parent consents that his minor son may enter into the military service of the government, he should be deemed to agree that the son shall receive all the bounty offered or paid for entering into such service, and also his wages earned therein.

The recovery or receipt by the father, as administrator of his minor son, of the bounty money agreed to be paid the latter as a substitute, and of the son's back pay, of the government, are not tantamount to a consent by the father that his son might enter into the military service of the government as a substitute for another; and they will not constitute a defense to an action, by the father, against an individual for enticing the son from the plaintiff's service, and enlisting him into the army as the defendant's substitute. BOARD-MAN, J. dissented.

THIS action was brought to recover damages of the defendant for enticing the plaintiff's minor son from his service, and enlisting him into the military service of the United States, as the defendant's substitute, in 1864. It was tried at the Cortland circuit, in June, 1867, when the plaintiff was nonsuited. He now moves for a new trial, on exceptions, which were directed to be heard, in the first instance at a general term of this court.

*W. H. Shankland,* for the plaintiff.

*Lewis Seymour,* for the defendant.

BALCOM, J. The defendant agreed to pay the plaintiff's son a bounty of $1300 for enlisting into the military service of the United States as a substitute for him. The defendant received $1000 of the bounty of the town of Pitcher, which he paid to the son, with $300 of his own money. The son left the whole $1300 in the defendant's hands when he entered into the service of the United States, and he died in such service in 1865. The plaintiff thereafter, as adminis-

trator of his son, sued the defendant for the $1300 bounty, and the latter settled the suit and paid the bounty, with interest thereon, to the plaintiff, as such administrator. The plaintiff, as such administrator, or as father of his son, received of the United States the pay that was due his son, from the United States, at the time he died. The judge, at the circuit, held, that the receipt by the plaintiff of the bounty money of the defendant, and of the back pay of the United States that was due his son when he died, estopped him from maintaining this action, and nonsuited him upon that ground.

All the money the plaintiff received from the defendant and of the United States was received and held by him as the personal representative of his son ; and he received it in consequence of the death of the son. If the son had lived, the plaintiff could not, as parent, have recovered either the $1300 bounty of the defendant, or the money that was paid him by the United States for services rendered the United States by the son. It was held, in *Carsan, adm'x* v. *Watts*, (8 *Doug.* 350 ; 26 *Eng. Com. Law*, 137,) that the prize money gained by an apprentice, serving on board a letter of marque ship, does not belong to the master of the apprentice ; the usage being proved to be, that such money is the property of the apprentice. All the judges in that case agreed that bounty money belongs to the minor. I held, in *Ogden* v. *Pomeroy*, at the Cortland circuit, that bounty money, paid by the government, or a county or town, to a minor, for enlisting into the military service of the United States, with the consent of his father, belongs to the son, and not to the father. When a parent consents that his minor son may enter into the military service of the government, he should be deemed to agree that the son shall receive all the bounty offered or paid for entering into that perilous service, and also his wages earned in such service. And it is just that the rule should be so. The perils and hardships in such service are the son's, who endures them, and he is

justly entitled to all the bounty and pay that are offered for periling his life for the government. Besides, bounties paid for entering into the military service of the government are not earnings or wages, but in the nature of gifts, to which minors, and not their parents or masters, are entitled.

If these views are correct, the question arises whether the fact that the plaintiff was entitled, as next of kin of his son, to all the money he received of the defendant, and of the United States, after paying the debts of the son and the expenses of administering upon his estate, places him in such a situation as to estop him from recovering for the wrong committed by the defendant in enticing the son from his service. Any person, other than the plaintiff, as administrator of the son, could have recovered the bounty money of the defendant, and could also have obtained the son's back pay of the government. But the plaintiff's rights in that case, as next of kin of his son, to the net proceeds of the son's personal estate, would have been the same as they were by becoming administrator himself of such estate.

Suppose the plaintiff had brought this action and recovered in it before the defendant paid over any of the $1300 bounty, would the judgment have been a bar to an action by the administrator of the plaintiff's son against the defendant for such bounty? It seems to me it would not have been a bar to such an action. And, upon the same principle, the recovery by the plaintiff, as administrator of his son, of the bounty money of the defendant, and of the back pay due the son from the United States, constitute no defense to this action, which is prosecuted by the plaintiff, in his own right, as father of the son.

I think the recovery or receipt by the plaintiff, as administrator, of the bounty money of the defendant, and of the son's back pay of the government, are not tantamount to a consent by the plaintiff that his son might enter into the military service of the government as a substitute for the

defendant, and that they do not constitute a defense to this action.

For these reasons I am of the opinion a new trial should be granted in the action, costs to abide the event.

MASON, J. concurred.

BOARDMAN, J. dissented.

New trial granted.

[BROOME GENERAL TERM, January 28, 1868. *Mason, Balcom* and *Boardman,* Justices.]